UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | |
|---|---|
| ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, individually and on behalf of Its Members and as Class Representative for similarly situated federally recognized Indian Tribes and Nations,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>EQUIFAX, INC. and<br><br>APACHE SYSTEMS, INC.,<br><br><br>Defendants. | Case No. |

COMPLAINT

(Jury Trial Demanded)

Plaintiff, ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, individually and

in its *parens patriae* authority and capacity on behalf of and including all members of the

St. Croix Chippewa Indians of Wisconsin, files its Complaint against Defendant Equifax,

Inc. ("Equifax") and Defendant Apache Systems, Inc. ("Apache"). The St. Croix Chippewa

Indians of Wisconsin additionally seeks certification of a class of all federally recognized

Indian Tribes to protect their interests, preserve any and all applicable statutes of limitation,

1

and promote justice. In support of its Complaint, the St. Croix Chippewa Indians of Wisconsin alleges and states as follows:

1.      The Plaintiff, ST. CROIX CHIPPEWA INDIANS OF WISCONSIN ("St. Croix Tribe"), in its sovereign *parens patriae* capacity on behalf of all Members of the St. Croix Tribe and on behalf of all other federally-recognized Indian Tribes bring this civil action against Defendants for their failure to secure and safeguard Plaintiff's confidential and personally identifiable information ("PII") collected and stored by Equifax, and for failing to provide timely, accurate, and adequate notice to the Plaintiff that its and its Members' PII had been stolen by unauthorized persons.

2.      Equifax admits to a massive data breach placing the PII of the Plaintiff at risk of identity theft. Equifax admits that unauthorized persons breached Equifax's data security measures and vulnerabilities to gain unauthorized access to certain data and files.

3.      Equifax admits that the unauthorized access occurred from May 2017 through July 2017. The information accessed and retrieved by unknown perpetrators includes names, Social Security numbers, birth dates, addresses, driver's license numbers, and other PII.

4.      Equifax admits that it discovered the unauthorized access on or before July 29, 2017, yet failed to inform the Plaintiff and the public adequately and timely. Equifax also suffered even earlier unauthorized accesses to the PII that were not disclosed to the Plaintiff.

5.      Instead of taking measures to protect the PII and instead of providing timely notice and fair warning, Equifax insiders sold Equifax stock before news of the data breach reached the public and before any drop in Equifax's stock price. Equifax knew how to act

quickly, but only in the self-interest of its executives, and not the interests of the Plaintiff and its PII.

6.      Equifax admits that the data breach was the fault of and responsibility of Apache, in part or whole. Apache failed to implement reasonable data and software security measures to protect the PII and/or to mitigate the initiation of a data breach.

7.      The PII of the Plaintiff was compromised due to Equifax's acts and omissions in failing to properly protect the PII.

8.      As a sovereign, federally-recognized Indian Tribe, the St. Croix Tribe is the authorized representative of its Peoples and Members. There is no federal or state authority that overrides, qualifies, or impairs the superior parens patriae authority and capacity of the St. Croix Tribe.

## Jurisdiction, Venue, and Parties

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the Complaint states claims and causes of action under federal law that involve questions of federal law.

10.      This Court has personal jurisdiction over Equifax because Equifax committed the wrongful acts herein alleged inside the Reservation lands and upon the people and the Tribe of the St. Croix Chippewa Indians of Wisconsin.

11.      This Court has personal jurisdiction over Apache because its wrongful acts and omissions, in part or whole, occurred at Equifax's principal place of business and headquarters in Atlanta, Georgia.  Moreover, Apache, for purposes of the allegations and claims in this Complaint, acted in concert with Equifax.

12.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

Equifax conducts a substantial part of its business in Wisconsin, and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Western District of Wisconsin.

13.     The St. Croix Tribe is a federally recognized sovereign Indian Tribe, governed by the St. Croix Tribe Constitution and the laws of the St. Croix Tribe, with its principal business address at 24663 Angeline Avenue, Webster, Wisconsin 54893. The St. Croix Tribe exercises inherent governmental and *parens patriae* authority within the St. Croix Tribe and on behalf of the health and welfare of the St. Croix Tribe and its members, children, and grandchildren. The St. Croix Tribe's reservation lands are in Burnett, Polk, and Barron Counties, Wisconsin. Members of the St. Croix Tribe affected by the actions and conduct of the Defendants alleged herein live on St. Croix Tribe reservation lands, as well as Washburn and Sawyer Counties, Wisconsin, and in the Twin Cities, Minnesota metropolitan area. Equifax has admitted through its website that Plaintiff's PII was compromised in Equifax's data breach. The Plaintiff is concerned that its PII is being used wrongfully at present and may be into the future in a similar, unlawful, unauthorized manner.

14.     The St. Croix Tribe also brings this action on behalf of a class of plaintiffs of similarly situated, federally recognized Indian Tribes and Nations and their individual Members.

15.     "Plaintiff" as used herein includes the St. Croix Tribes, its Members, and all federally recognized Indian Tribes and Nations and their individual Members.

16.     "Class Members" or "Class" as used herein is defined as each and every federally-recognized Indian Tribe or Nation within the United States, and all of their

Members, Citizens, and Peoples. The Plaintiff seeks to certify this Class for the purposes

of tolling any and all applicable statutes of limitations under state, federal, or Tribal law as

to any and potential claims, state, federal, and/or Tribal that may or can be brought by any

such Class Member. The Plaintiff further seeks to certify the Class in order to promote

justice, protect the independent rights of all Indian Tribes, Nations, and Peoples, and

establish a fair and equitable remedy for all Class Members. At this time, it has not been

decided by the Plaintiff as to whether the Class should be an "opt-in" or an "opt-out" Class,

as the Plaintiff St. Croix Tribe respects and acknowledges the sovereign authority and

rights of each and every Tribe and Nation. The Plaintiff St. Croix Tribe contemplates that

all Tribes and Nations will unite in their efforts to obtain justice as against the Defendants

named herein for the claims and allegations herein.

17.    Defendant Equifax, Inc. is a Delaware corporation with its principal place

of business located at 1550 Peachtree Street NE, Atlanta, Georgia 30309.

18.    Defendant Apache System is a Delaware corporation, with its principal

place of business at 58 Daggett Drive, San Jose, California  95131.

### Facts

19.    Equifax is supplied, without the consent of the Plaintiff, with the subject PII

and other data such as information contained in loans, loan payments, and credit cards,

child support payments, credit limits, delinquent creditor payments, and employment

histories of millions of Native Americans.

20.    The Plaintiff was not aware that Equifax had acquired, held, used,

transmitted, exposed, or stored Plaintiff's PII.

21.     Equifax publicly announced in early September 2017 that the data breach was discovered by it on or about July 29, 2017. According to Equifax, unauthorized persons gained access to the PII by "[exploiting] a […] website application vulnerability" on one of the company's U.S.-based servers, unlawfully retrieving "certain files," including vast personal data of 143 million Americans: names, dates of birth, Social Security numbers, addresses, credit card numbers, debit card numbers, and other confidential information.

22.     Plaintiff has suffered actual injury in the form of damages to and diminution in the value of Plaintiff's PII – a form of intangible, valuable, and private property that they indirectly and unknowingly entrusted to Equifax and that was compromised in and as a result of Equifax's data breach.

23.     The Federal Trade Commission ("FTC") defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC defines "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person."

24.     Per the FTC, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

25.     Plaintiff and Class Members have suffered imminent and impending injury arising from the substantially increased risk of future fraud, identify theft, and data misuse posed by their PII being placed in the hands of unauthorized persons who have already, or will imminently, misuse such information.

26.     Plaintiff and Class Members have a continuing interest in ensuring that their PII, still in the possession of Equifax, is protected and safeguarded from future breaches.

27.     Equifax knew, or reasonably should have known, that the PII in its systems is highly sensitive, susceptible to attack, and could be used for wrongful purposes by third parties, such as identity theft and fraud.

28.     Equifax knew, or reasonably should have known, of the foreseeable consequences, alleged herein, of a breach of its data security system.

29.     Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights, incurring and continuing to incur damages in addition to any fraudulent use of their PII.

30.     The PII of Plaintiff and Class Members is private, confidential, and sensitive in nature and was left inadequately encrypted and/or protected by Equifax. Equifax did not obtain Plaintiff's and Class Members' consent to disclose their PII to the unauthorized persons.

31.     The Equifax data breach was a direct and proximate result of Equifax's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

32.     Had Equifax remedied the deficiencies in its data security systems, followed security guidelines, and/or adopted security measures recommended by experts in the field, Equifax would have prevented the data breach and, ultimately, the theft of the PII.

33.     Despite knowing it was a fertile source for and target of data thieves, Equifax failed to take reasonable measures to prevent and/or mitigate the data breach. Apache failed in its duties and obligations to secure the PII, according to Equifax.

34.     As a direct and proximate result of Equifax's wrongful actions and inaction

and the resulting data breach, Plaintiff and Class Members have been placed at an

imminent, immediate, and continuing increased risk of harm from identity theft and

identity fraud, requiring them to take extraordinary time and effort to mitigate the actual

and potential impact of the data breach, including placing "freezes" and "alerts" with credit

reporting agencies, contacting their financial institutions, closing or modifying financial

accounts, closely reviewing  and monitoring their credit reports and accounts for

unauthorized activity, and filing incident reports.

35.     Plaintiff and Class Members have an interest in insuring that their PII is

secure, remains secure, is encrypted, is properly destroyed, is not subject to further theft,

and/or is protected via early warning alerts.

36.     Equifax and/or Apache disregarded the rights of Plaintiff and Class

Members by intentionally, willfully, recklessly, or negligently failing to take adequate and

reasonable measures to ensure data systems were protected, failing to disclose the material

fact that it did not have adequate computer systems and security practices to safeguard PII,

failing to take available steps to prevent and stop the breach from ever happening, and

failing to monitor and detect the breach on a timely basis.

37.     As a result of the unauthorized access of their PII, the Plaintiff and Class

Members have suffered and/or will suffer damages and harm, past, present, and future.

38.     Plaintiff brings this action to remedy these harms on behalf of the St. Croix

Chippewa Indians of Wisconsin and its Members, as well as all similarly situated, federally

recognized Indian Tribes and Nations. Plaintiff and Class Members seek the following

remedies, among others: tolling of any and all applicable statutes of limitations, statutory

damages under the Fair Credit Reporting Act, reimbursement of out-of-pocket losses, compensatory damages, further and more robust credit monitoring services with accompanying identity theft insurance and protections, and injunctive relief including an order requiring Equifax to implement improved data security measures.

39.     Pursuant to its *parens patriae* status and its obligation to protect the health and welfare of its Members, Plaintiff seeks relief on behalf of all of its Members. The St. Croix Tribe is an adequate class representative for similarly situated federally recognized Indian Tribes and Nations. The collective number of Members of the federally recognized Indian Tribes and Nations are too numerous so as to make joinder of them practicable, and the relatively small amount of each individual Member's claim makes a class action suitable for these claims. Additionally, due to the unique sovereign and parens patriae authority of federally recognized Indian Tribes and Nations, each such Tribe or Nation is the superior plaintiff for the subject claims, as well as for the distribution of any proceeds of this civil action to their individual Members.

40.     Non-Indian Tribe plaintiffs are not adequate class representatives for federally recognized and sovereign Indian Tribes and Nations and their Members, and Non-Indian Tribe plaintiffs and their counsel are not lawfully permitted to represent the subject claims of any such Indian Tribes and Nations and their Members.

## Count I

41.     Plaintiff restates and re-alleges the foregoing paragraphs.

42.     In storing the PII of Plaintiff in its computer systems and on its networks, Equifax undertook and owed a duty to Plaintiff to exercise reasonable care to secure and safeguard that PII and to use commercially reasonable methods to do so.

43.     Equifax and/or Apache owed a duty of care not to subject Plaintiff to an unreasonable risk of harm because Plaintiff and its Members were foreseeable victims of any inadequate data security practices.

44.     Equifax and Apache owed numerous duties to Plaintiff, including the following: (a) to exercise reasonable care in obtaining, retaining, securing, safeguarding, encrypting, deleting and protecting PII in its possession; (b) to protect PII using reasonable and adequate security procedures and systems that are compliant with industry-standard practices; and (c) to implement processes to quickly detect a data breach, to timely act on data breaches, and to timely alert potential victims.

45.     Equifax and/or Apache also breached its duty to Plaintiff to adequately protect and safeguard PII by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering their dilatory practices, Equifax failed to provide adequate supervision and oversight of the PII with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PII of Plaintiff, misuse the PII and intentionally disclose it to others without consent.

46.     Equifax and/or Apache knew, or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities of its data security systems, and the importance of adequate security and data encryption.

47.     Equifax and/or Apache knew, or should have known, that their data systems, practices, and networks did not adequately safeguard Plaintiff's PII.

48.     Equifax and/or Apache breached its duties to Plaintiff by failing to provide

fair, reasonable, or adequate data security practices to safeguard PII of Plaintiff and Class Members.

49.     Because Equifax knew that a breach of its systems would damage millions of individuals, including Plaintiff, Equifax had a duty to adequately protect their data systems and the PII.

50.     Equifax and/or Apache created a foreseeable risk of harm to Plaintiff in failing to: (a) adequately encrypt the PII at risk; (b) secure its systems, despite knowing their vulnerabilities, (c) comply with industry standard security practices, (d) implement adequate system and event monitoring, and (e) implement the systems, policies, and procedures necessary to prevent this type of data breach.

51.     Equifax and/or Apache negligently breached its duties to use reasonable care to adequately protect and secure PII of Plaintiff during the time it was within Equifax's possession or control.

52.     Equifax negligently breached its duty to notify Plaintiff of the unauthorized access by waiting months after learning of the breach to notify Plaintiff and then by failing to provide Plaintiff's information regarding the breach until September 2017.

53.     Equifax and/or Apache negligently breached its duty to use reasonable care to adequately protect and secure PII of Plaintiff during the time it was within Equifax's possession or control.

54.     Further, through its failure to provide timely and clear notification of the data breach to consumers, Equifax prevented Plaintiff from taking timely, meaningful, and proactive steps to secure their financial data and bank accounts.

55.     Equifax's conduct was grossly negligent and departed from all reasonable

standards of care.

56.     Equifax's and/or Apache's wrongful actions and omissions directly and proximately caused the theft of and dissemination into the public domain of Plaintiff's PII, causing them to suffer, and continue to suffer, economic damages and other actual harm from which they are entitled to compensation, including:

   a.  loss of their personal and financial information;

   b.  unauthorized charges on their banking, debit, smart phone, and credit card accounts;

   c.  continuing harm and injury from fraud and identity theft via the sale of the PII on the black market;

   d.  untimely and inadequate notifications of the data breach;

   e.  improper disclosure of their PII;

   f.  loss of privacy;

   g.  out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

   h.  loss of the value of their PII;

   i.  loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the data breach;

   j.  loss of use of and access to their account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including adverse credit notations; and

k.  loss of their time spent to understand, investigate, ameliorate, mitigate and take measures regarding the actual and future consequences of the data breach.

57.     As a direct and proximate cause of Equifax's and/or Apache's conduct, Plaintiff suffered damages.

## Count II

58.     Plaintiff restates and re-alleges the foregoing paragraphs.

59.     As individuals, Plaintiff and its Members are consumers entitled to the protections of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681.

60.     Equifax is a "consumer reporting agency" under the FCRA because, for monetary fees, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681.

61.     The FCRA requires Equifax to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681.

62.      The PII and confidential data was a "consumer report" under the FCRA because it was a communication of information bearing on Class Members' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used, or expected to be used or collected in whole or in part, for the purpose of serving as a factor in establishing eligibility for credit. 15 U.S.C. § 1681.

63.     As a consumer reporting agency, Equifax may only furnish a consumer

report under the limited circumstances set forth in 15 U.S.C. § 1681b, "and no other." 15 U.S.C. § 1681b(a). None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to furnish consumer reports to unauthorized or unknown entities, or computer hackers such as those who accessed the Plaintiff's PII. Equifax violated § 1681b by furnishing consumer reports to unauthorized or unknown entities or computer hackers, allowing unauthorized entities and computer hackers to access their consumer reports; knowingly and/or recklessly failing to take security measures that would prevent unauthorized entities or computer hackers from accessing their consumer reports; and/or failing to take reasonable security measures that would prevent unauthorized entities or computer hackers from accessing their consumer reports.

64.    Equifax willfully and/or recklessly violated § 1681b and § 1681e(a) by providing impermissible access to consumer reports and by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA.

65.    Equifax knew or should have known about its legal obligations regarding data security and data breaches under the FCRA. Despite knowing of these legal obligations, Equifax acted consciously in breaching known duties regarding data security and data breaches and depriving Plaintiff and other members of the classes of their rights under the FCRA.

66.    Equifax's willful and/or reckless conduct provided a means for unauthorized intruders to obtain and misuse Plaintiff's personal information for no permissible purposes under the FCRA.

67.    Plaintiff has been damaged by Equifax's willful or reckless failure to

comply with the FCRA. Therefore, Plaintiff is entitled to recover "any actual damages sustained by the consumer . . . or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) for each and every breach to each and every member of Plaintiff.

68.     Plaintiff is also entitled to punitive damages, costs of the action, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(2), (3).

## Count III

69.     Plaintiff restates and re-alleges the foregoing paragraphs.

70.     Equifax was negligent in failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA.

71.     Equifax's negligent conduct provided a means for unauthorized persons to obtain Plaintiff's PII and consumer reports for no permissible purposes under and in violation of the FCRA.

72.     Plaintiff has been damaged by Equifax's negligent failure to comply with the FCRA. Therefore, Plaintiff is entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

73.     Plaintiff is also entitled to recover their costs of the action, as well as reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2).

## Count IV

74.     Plaintiff restates and re-alleges the foregoing paragraphs.

75.     As previously alleged, Plaintiff entered into an implied contract that required Equifax to provide adequate security for the PII it collected from their payment

card transactions. As previously alleged, Equifax owes duties of care to Plaintiff that require Equifax to adequately secure PII.

76.    Equifax still possesses PII pertaining to Plaintiff.

77.    Equifax has made no announcement or notification that it has remedied the vulnerabilities in its computer data systems, and, most importantly, its systems.

78.    Accordingly, Equifax has not satisfied its contractual obligations and legal duties to Plaintiff. In fact, now that Equifax's vulnerable system and data protections have become public, the PII in its possession is more susceptible to attack than previously.

79.    As a result of Equifax's wrongful conduct and omissions, Plaintiff has suffered harm and damages, are will continue to so suffer.

80.    Plaintiff, therefore, requests the Court to declare that Equifax's existing data security measures do not comply with its contractual obligations and duties of care, and accordingly issue a preliminary and permanent injunction that Equifax must implement and maintain reasonable security measures, including, but not limited to: (a) immediate encryption, at rest and at transmission, of the PII; (b) engage third-party, independent security auditors to conduct testing and hacking, including simulated attacks, penetration tests, and audits on Equifax's systems on a periodic basis; (c) implement all recommendations of the independent security auditors; (d) engage third-party, independent security auditors and internal personnel to run automated security monitoring on an ongoing basis; (e) train its security personnel regarding the new or modified procedures; (f) segment and partition PII; (g) purge PII that is not necessary for current use; (h) conducting regular database scanning and securing checks; (i) implement an early alert or

warning system for its management, for its customers, and for all persons of whom it stores PII.

## Demand for Relief

*WHEREFORE*, Plaintiff, ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, individually and in its *parens patriae* capacity on behalf of all its Members and further as a Class Representative on behalf of all federally-recognized Indian Tribes and Nations, respectfully requests that the Court enter judgment against Equifax and Apache, jointly and severally, as follows:

a. For an Order certifying the Class, as defined herein, and appointing Plaintiff and its Counsel to represent the Class;

b. For equitable relief tolling any and all applicable statutes of limitation for each and every federally-recognized Indian Tribe within the United States and its territories;

c. For equitable relief enjoining Equifax from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class Members;

d. For equitable, declaratory, and injunctive relief ordering Equifax to use appropriate cyber security methods and policies with respect to consumer data collection, storage and protection and to disclose with specificity to Class Members the type of PII compromised;

e.  For an award of damages, statutory and/or common law in an amount to

be determined;

f.  For punitive damages;

g.  For an award of attorneys' fees, costs and litigation expenses, as

allowable by law;

h.  For prejudgment interest on all amounts awarded; and

i.  Such other and further relief as this court may deem just and proper.

Plaintiff demands a jury trial on all issues so triable.

This 17th day of July, 2018.

Respectfully Submitted,

**THE  ST. CROIX CHIPPEWA INDIANS OF WISCONSIN**

By ATTORNEYS FOR THE PLAINTIFF:

 */s/ T Roe Frazer II*
T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
Frazer PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
(615) 647-6464
roe@frazer.law

Jeffrey A. Cormell
WI Bar # 1101522
9685 N Easy St.
Hayward, WI 54843
715-699-2092
jeff.cormell@gmail.com

J. Nixon Daniel, III
BEGGS & LANE, RLLP
501 Commendencia St.
Pensacola, FL  32502
850-432-2451

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP, LLC
P.O. Box 2129
Fairhope, AL  36533
205-252-6127
ftk@thekuykendallgroup.com